**RANDY RUMPH**  (SBN: 232235)
1401 - 19th Street, Suite 200
Bakersfield, California   93301
Phone:  661-322-4600
Fax:  661-322-8478

ATTORNEY FOR PLAINTIFF   JOHN GOOLD

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GOOLD<br><br>           PLAINTIFF,<br><br>vs.<br><br>HILTON WORLDWIDE, INC.;<br>DOUBLETREE DTWC, LLC and DOES 1 through 10, inclusive,<br><br>           DEFENDANTS | CASE NO: 1:13-CV-00438-AWI-JLT<br><br>MOTION TO COMPEL ANSWERS TO INTERROGATORIES<br><br>DATE: 4/7/2014<br><br>TIME:   10:00 a.m.<br><br>PLACE: 510 19TH ST., Bakersfield, CA |

Plaintiff moves this court for an order requiring responses by defendants to interrogatories #9 and 10.

## 1.0  BACKGROUND

This case involves a claim by Plaintiff that he was terminated after complaining about sexual harassment and retaliation that had occurred with another employee under his supervision. This court has previously ruled on a number of issues in a conference held on 2/12/14.  Pursuant to the court's request. Plaintiff attempted to reduce the scope of Interrogatories Number 9 and 10 to only complaints made to or about any of the four individuals who were identified by defendant as having been involved in the decision to terminate Plaintiff. Rumph declaration.  Defendants requested that Plaintiff limit the number of years and Plaintiff declined to do so, resulting in this motion.

## 2.0  THE SPECIFIC REQUESTS

Plaintiff presented interrogatories numbers 9 and 10 (found in Exhibit 1) as follows:

INTERROGATORY NO. 9:

Identify all individuals who have made a complaint about illegal discrimination, including sexual harassment during the relevant period.

INTERROGATORY NO. 10:

If the response to number 9 is in the affirmative, identify any adverse employment consequences such as termination, demotion, reduction in pay, discipline of any nature, or job transfers for all employees identified in the prior interrogatory, including dates of such action.

Defendant objected to these as seen in Exhibit 2.

**3.0  LEGAL ANALYSIS**

**3.1  Discovery Is Broad In Employment Discrimination Lawsuits**

Broad latitude is given in discovery. *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The Ninth Circuit has reiterated this holding. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993):

> We start with the premise that pretrial discovery is ordinarily "accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). If no claim of privilege applies, a non-party can be compelled to produce evidence regarding any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." See Fed.R.Civ.P. 26(b)(1). **This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence**," United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950), **and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth**. (Emphasis supplied.)

Courts have concluded in discrimination lawsuits such as the one before this court, discovery is very broad. *Trevino v. Celanese Corp.,* 701 F.2d 397 (5th Cir. 1983) (limitations on discovery in Title VII actions frowned upon); *Jackson v. Montgomery Ward & Co.*, Inc., 173 F.R.D. 524, 526 (D.Nev. 1997); *Etienne v. Mitre Corp.*, 146 F.R.D. 145, 148-49 (E.D.Va. 1993) ("public right of broad discovery is especially strong in private discrimination suits."); *Miles v. Boeing Co.*, 117 F.R.D. 117, 119 (E.D.Pa. 1994) ("the imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases").

### 3.2 Other Victim Evidence Is Admissible

When it comes to other victim evidence generally, the Ninth Circuit has been clear in its holdings relating to such evidence, starting with *Heyne v. Caruso*, 69 F.3d 1475, 1479-1481 (9th Cir. 1995). *Heyne* involved the Ninth Circuit reversing a trial court's exclusion of evidence of sexual harassment of other females, holding:

> **It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group.** *See Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir. 1990)*("As a general rule, **the testimony of other employees about their treatment by the defendant [employer] is relevant to the issue of the employer's discriminatory intent.**"). Recognizing that "there will seldom be 'eyewitness' testimony as to the employer's mental processes," *United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716, 75 L. Ed. 2d 403, 103 S. Ct. 1478 (1983)*, the Supreme Court held that evidence of the employer's discriminatory attitude *in neral* is relevant and admissible to prove race discrimination. *See id. at 713-14 n.2*. (Emphasis supplied.)

The court then addressed the issue in relation to Rule 403 and held that no unfair prejudice existed for the admission of such evidence, including proving the employer's intent, but that any unfair prejudice could be handled with a limiting instruction. The Ninth Circuit has reiterated its holding in *Heyne*. *Morgan v. National Railroad Passenger Corporation*, 232 F.3d 1008, 1018 (9th Cir. 2000), *rev'd on other grounds*, 536 U.S. 101, 122 S.Ct. 2061 (2002) ["This court has previously recognized that an employer's conduct tending to demonstrate its general hostility towards a group is both relevant and admissible (citations omitted) noting that "as a general rule, the testimony of other employees about their treatment by the defendant [employer] is relevant to the issue of the employer's discriminatory intent."].

There are numerous other cases which have cited *Heyne* to allow evidence relating to the treatment of other employees to show intent of an employer, or some other purpose, including this court. In *Guthrey v. California Dept of Corrections and Rehabilitation*, 2012 U.S. Dist. LEXIS 89174 (E.D. Cal. 2012) this court dispelled the argument that such evidence is only relevant in "pattern and practice" cases, holding:

> It is in Plaintiff's "demonstration of pretext that other complaints of discrimination become relevant." *Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir.1995)* (evidence of sexual harassment of other employees was relevant to rebut employer's proffered reason for terminating plaintiff); *Estes v. Dick Smith Ford Inc., 856 F.2d 1097, 1103 (8th Cir.1988)* ("It is difficult to say that a background of discrimination is not

relevant to proving a particular instance."); *Lyoch v. Anheuser-Busch Companies, Inc.*, 164 F.R.D. 62, 70 (E.D.Mo.1995) (evidence of a pattern and practice of discrimination is relevant to an individual claim.

*Garcia v. Los Banos Unified School Dist.*, 2007 U.S. Dist. LEXIS 21952 (E.D. Cal. 2007) held that testimony of another female of mistreatment at the hands of defendant was admissible citing *Heyne*, and rejecting the proposition set forth in the defendants' motion herein that the evidence would involve significant time:

> Defendant claims that significant time would be taken by the testimony required to rebut the assertion that Gomes was sexually harassed [*23] and to show that Gomes had a motive to lie, including testimony from Elliott, Heid, Garcia, and Villalta, which should take two to three days.
>
> The motive is closely related to the harassment here, and the probative value of the evidence is substantial; the probative value is not substantially outweighed by the danger of undue time and confusion, or by prejudice. Potential unfair prejudice may be limited by an instruction that the jury is to consider Gomes' sexual harassment testimony only for the determination of the employer's motive or basis for conduct towards Plaintiff, or for any other valid purpose offered by the parties, but not as to whether or not any harassment actually occurred. *Heyne, at p. 1481*.

*See also, Johnson v. Alameda-Contra Costa Transit District*, 2006 U.S. Dist Lexis 9568 (N.D. Cal. 2006) ["Evidence of other employee's experiences with the defendant has been held to be relevant, however, where, as here, such evidence is offered on the issue of whether such defendant was motivated by a discriminatory animus. *See Heyne v. Caruso, 69 F. 3d 1475, 1479-80 (9th Cir. 1995)* (holding, in connection with wrongful termination claim, evidence that defendant sexually harassed other individuals was "both relevant and admissible" as to "question of [defendant's] motive for discharging [plaintiff]").]

California state courts have ruled similarly. *Pantoja v. Anton*, 198 Cal. App. 4th 87, 114-115, 129 Cal. Rptr. 3d 384 (Cal. App. 5th Dist. 2011). In a decision highly critical of the lower court's exclusion of this evidence, holding that such evidence is relevant to show intent under Evidence Code 1101(b), which is the California counterpart to FRE 404(b), the court held:

> We recognize that the *kind* of intent or motivation required for hostile environment harassment may be different from the kind required for discriminatory hiring or firing. An employer may refuse to hire a woman because the employer thinks women are less competent than men. The employer may create a hostile environment, for example, because the employer feels important or powerful while humiliating women. Either way, however, the defendant's discriminatory mental state is crucial. Sex discrimination of the first type (e.g., discriminatory hiring or firing) and sexual harassment are "distinct causes of action" under the FEHA (*Miller v. Department of*

*Corrections* (2005) 36 Cal.4th 446, 460, fn. 5 [30 Cal. Rptr. 3d 797, 115 P.3d 77]), but a hostile environment, to be actionable, still must constitute a form of " ' "discrimina[tion] ... because of ... sex" ' " (*Lyle, supra,* 38 Cal.4th at p. 280), and, in fact, the FEHA "regard[s] the prohibition against sexual harassment as part and parcel of the proscription against sexual discrimination" (*Lyle, supra,* at p. 278). There is no reason why me-too evidence would be admissible under *section 1101, subdivision (b)*, to prove the defendant's discriminatory mental state in one type of case but not the other. In fact, evidence of one type of discriminatory conduct can even be of a defendant's mental state in engaging in another type of conduct. For example, evidence of a male supervisor's sexually offensive remarks to and touching of other women employees is probative of the supervisor's discriminatory intent in firing a female plaintiff for refusing to have sex with him. (*Heyne v. Caruso, supra,* 69 F.3d at pp. 1478-1479 & fn. 2, 1480.)

**We conclude the trial court abused its discretion when it excluded the me-too evidence, both when ruling on defendants' in limine motion and when revisiting the issue during trial.** (Emphasis supplied.)

*See also*, *Johnson v. United Cerebral Palsy/Spastic Children's Foundation,* 173 Cal.App.4th 740, 93 Cal. Rptr. 3d 198 (Cal. App. 2d Dist. 2009) (holding "me too" evidence admissible to show intent).

**3.3 Other Victim Evidence Is Discoverable**

At the 2/12/14 hearing, Defendant argued that evidentiary rulings on such claims only involve harassment claims and do not apply to retaliation claims. This is not only an oversimplification of the holdings cited above, but it is simply not true. *Alvarado v. Fed. Express Corp.*, 384 Fed. Appx. 592 (9th Cir. 2010) ("First, the district court did not abuse its discretion in **allowing testimony regarding other employees' claims of discrimination and retaliation**. The testimony was relevant to rebut FedEx's proffered reasons for the adverse employment actions, see Heyne v. Caruso, 69 F.3d 1475, 1481-82 (9th Cir. 1995), and did not prejudice FedEx.").

*See also*, *Morris v. Washington Area Transit Authority*, 702 F.2d 1037, 1046 (D.C. Cir. 1983). In *Morris*, the plaintiff alleged he was retaliated after his complaint of race discrimination, and he attempted to submit testimony from other employees that the defendant retaliated against other employees who complained about other matters (including retaliation for union organizing and safety complaints). The appellate court reversed the lower court and allowed such evidence, holding:

> Although Morris' complaints were directed at the Authority's treatment of its black employees, whereas the proffered testimony of Nicola concerned other sorts of employee complaints (made by Nicola himself and by other officers), we think that **evidence showing that the employer followed a broad practice of retaliation and responded to any protected criticism with disciplinary action has some probative value on the issue of the employer's likely motivation here.** *Fed. R.*

> *Evid. 401.* **Evidence of other acts may be admitted to show motive, intent, preparation or plan.** *Id. 404*(b). *See, e.g., Pennsylvania v. Porter, 659 F.2d 306, 310 (3d Cir. 1981)*. Under the circumstances of this case, the court should have admitted the evidence as relevant, and permitted the *jury* to consider whether the Authority's response to criticism on other subjects, if proved, was persuasive of its motivation in firing Morris for the reasons he claims. (Emphasis supplied.)

*See also, Waugh v. BJ's Wholesale Club, Inc.*, 2014 U.S. Dist. LEXIS 12921 (D. Mass. 2014) (requiring a defendant to answer an interrogatory requesting employee complaints of retaliation from 2008 to 2014); *Kear v. Kohl's Dept. Stores, Inc.*, 12-CV-1235-JAR-KGG, 2013 WL 3581671, at *9-10 (D. Kan. July 12, 2013) (defendant compelled to answer interrogatory seeking complaints of sexual harassment, retaliation, gender discrimination, and/or pregnancy discrimination); *Moore v. DAN Holdings, Inc.,* 2013 U.S. Dist. LEXIS 61378 (M.D. N.C. 2013) (allowing plaintiff's motion to compel interrogatory response providing information relating to race discrimination and/or retaliation for previous five years); *EEOC v. Original Honeybaked Ham Co. of Ga.,* 2012 U.S. Dist. LEXIS 99468 (D. Colo. 2012) *("*Plaintiff is entitled to discovery of complaints of sexual harassment, sexually hostile work environment, and retaliation originating in those stores for the period 2009-2010. The information to be provided is: the name of complainant and the nature of the complaint (written or oral), the date of the complaint, the store the complainant worked in, the person to whom the complaint was made, Mr. Costello's level of responsibility in handling the complaint (if any), and the Defendant's actions (if any) in response to the complaint. If the Defendant has documentation concerning such complaints, it should be produced as well.); *Moreno Rivera v. DHL Global Forwarding*, 272 F.R.D. 50, 57 (D.P.R. 2011) (interrogatory asking for identity of all who filed lawsuits, complaints, charges, or claims of sexual harassment, sex discrimination and/or retaliation; court held that "I must conclude that fifteen years, from January 1, 1995 onwards, to be sufficiently broad to establish a pattern, should any exist, but sufficiently limited to prevent undue burden on the defendant."); *Clayton v. Vanguard Car Rental U.S.A., Inc*., 2009 U.S. Dist. LEXIS 124548 (D.N.M. 2009) ("Interrogatory Nos. 5, 6, and 11 request information regarding similar charges of discrimination based on sex, age, and retaliation .... The Court finds that these requests are relevant to Vanguard's knowledge, planning, motive, and intent. Moreover, Clayton has agreed to limit the scope of these requests to a five-year period and geographically to the southwestern region, where Clayton was employed. ... Request for Production Nos. 13 and 14 correspond to

1  Interrogatory Nos. 5 and 6, and request documents regarding prior similar charges, lawsuits, and/or
2  agreements involving other discrimination or retaliation claims. Corresponding to the relevant
3  interrogatories, the Court finds that these requests are relevant to Vanguard's knowledge, planning,
4  motive, and intent."); *Murphy v. Kmart Corp.,* 2008 U.S. Dist. LEXIS 104467 (D.S.D. 2008) ("Mr.
5  Murphy moves the court to require Kmart to completely answer interrogatory number 23 by
6  identifying all persons making any complaint, formal or informal, or raising any concern of age
7  discrimination, retaliation, or inappropriate conduct by Jerry Rudrude. ... Murphy, through his own
8  initiative, has identified an informal complaint made ... via e-mail-a complaint not identified by
9  Kmart as of yet. In light of this discovery, the court orders Kmart to conduct reasonable investigation
10 into this issue and to completely respond to interrogatory number 23 by January 23, 2009.
11 Interrogatory number 23 will not be limited in geographic scope as it is possible that Kmart
12 employees with information on this issue may have transferred to other divisions."); *Soto v.*
13 *Genentech, Inc.* 2008 U.S. Dist. LEXIS 88935 (S.D. Fla. 2008)("Accordingly, Defendant's responses
14 should be amended to appropriately include both complaints regarding national origin and race, and
15 retaliation related to those claims."); *Barnes v. Akal Sec., Inc.*, 2005 U.S. Dist. LEXIS 33262 (D.
16 Kan. 2005) ("Accordingly, information from any Akal workplace whose employees' payroll time
17 sheets are processed through the same corporate office as the Ft. Riley employees' is relevant. The
18 Court finds the January 1, 2000 temporal limitation to be reasonable, and orders Akal to identify all
19 administrative claims or lawsuits involving wage payment or retaliation claims in which Akal was
20 a party after that date."); *Cherenfant v. Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458 (S.D.
21 Fla. 2004) ("The Court has required Defendant to produce documents concerning racial
22 discrimination and/or harassment and retaliation complaints...."); *Megivern v. Glacier Hills, Inc.*, 519
23 Fed. Appx. 385 ("Evidence that an employer engaged in a pattern or practice of discrimination "may
24 be relevant to proving an otherwise-viable individual claim for disparate treatment under the
25 McDonnell Douglas framework.").
26      Here, the interrogatories involve evidence that is discoverable (others who were the same
27 boat as Plaintiff and who suffered retaliation due to their complaints).  Plaintiff has now narrowly
28 framed the issue to involve only complaints involving the four individuals identified in the answers
   to interrogatories as being involved with Plaintiff's termination decision (John Sommer, Bill Murray,

Javier Pimentel, and Wes Thornell). See Rumph declaration. Defendants requested that the new request be narrower in terms of the time frame and Plaintiff declined. Rumph declaration.

**4.0 CONCLUSION**

Accordingly, Plaintiff requests that an order issue requiring defendants to respond to interrogatories numbered 9 and 10 with the following limitation: only complaints made to or about John Sommer, Bill Murray, Wes Thornell, or Javier Pimentel shall be involved in the response. The time frame should continue to be the "Relevant Period" as defined in the interrogatories, to wit, January 1, 2006 through the date of the response.

DATED:   March 10, 2014                             Randy Rumph

                                                    RANDY RUMPH
                                                    ATTORNEY FOR PLAINTIFF JOHN GOOLD