UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GOOLD,<br><br>        Plaintiff,<br><br>   v.<br><br>HILTON WORLDWIDE, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-00438 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE BRAD HUTTON AS A WITNESS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF OTHER ACTS |

Plaintiff alleges Defendants fired him in retaliation for complaining about sexual harassment suffered by another employee and complaining that the other employee's firing was unlawful. During this ongoing trial, issues related to the admissibility of the testimony of Brad Hutton and other acts evidence will be permitted. For the reasons set forth below, the Court **ORDERS** Brad Hutton will not be allowed to testify based upon Defendants' failure to time identify him as a witness and the other acts evidence, related to Diane Clayton and Mark Erickson will not be admitted.[1]

**A.    Legal Standards**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of

---

[1] The Court has previously determined that the evidence related to Gino Majalca would not be admitted because there was no evidence that his termination was retaliatory. Instead, the evidence showed that the entire valet department was terminated when Defendants decided to issue a contract to an outside provider for this service.

1

trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  The Ninth Circuit explained motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).  Likewise, the Seventh Circuit found motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).  A court "is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).  Therefore, the Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]." Sperberg, 519 F.2d at 712.

**B.      Testimony of Brad Hutton**

Plaintiff complains that the testimony of Brad Hutton should not be permitted because he was not identified timely in Rule 26 disclosures and was not identified in discovery as one who contributed to the decision to terminate Plaintiff until it was served by mail two days before the discovery deadline.  Defendants' counter that Mr. Hutton's name was raised in a memo disclosed to Plaintiff on December 30, 2013 and was identified as one of the decision makers related to Plaintiff's firing in Defendants' supplemental responses to discovery.

Federal Rules of Civil Procedure 26(e) requires a party who has responded to an interrogatory or who has made a disclosure under Rule 26(a) to supplement its response in a timely manner if the party learns that its response is incomplete and if the additional information has not otherwise been made known to the other party during the discovery process.  A party is prohibited from using at trial information or witnesses not disclosed during the discovery period unless the failure to supplement was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1); R & R Sails, Inc. v. Ins. Co. of the State of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir.2012) (the party facing the preclusion of evidence under Rule 37 "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless").  Notably, Rule 26(a) refers to the party's initial disclosures and

1  Rule 26(e) refers to the obligation to supplement these disclosures *unless the correction or addition to*
2  *the initial disclosures "has not otherwise been made known to the other parties during the discovery*
3  *process or in writing . . ."*

4  Notably, the memo provided on December 30, 2013, failed to detail Hutton's involvement in
5  the firing decision.  Moreover, on this same date, Defendants provided responses to interrogatories in
6  which they excluded Hutton as a decision maker.  Thus, the Court concludes that as of that date,
7  Plaintiff did not have reason to know that Hutton was a decision maker.  Moreover, Defendants'
8  counsel have failed to explain why they believed by February 26, 2014 that Hutton *was, in fact,* a
9  decision maker or when, exactly, they learned this.  They provided no explanation of what occurred in
10 the 60 days after their December 30, 2013 discovery response that alerted them to Hutton's role.
11 Moreover, in their February 26, 2014 discovery response, Defendants failed to explain his role—by
12 supplementing their initial Rule 26 disclosures or otherwise—such to alert Plaintiff to the importance
13 of his information.  Indeed, the supplemental Rule 26 disclosure was not made until July 2014.  At that
14 time, the topics outlined related to his area of knowledge was so broad and vague as to fail to alert
15 Plaintiff as to truly what he knew.

16 The importance of Hutton's information was not demonstrated to Plaintiff until the deposition
17 of Bill Murray, which was taken in April 2014—months after the discovery deadline, due to a
18 prolonged illness of the deponent—at which Murray explained that Hutton told him to fire Plaintiff.
19 Notably, this was contrary to Murray's testimony in December 2012 in the Kern County Superior
20 court that Murray decided to terminate Plaintiff.

21 Moreover, the disclosure of Hutton's identity as a decision maker in the supplemental
22 interrogatory responses mail-served two days before the close of discovery does not comply with Rule
23 26(e) and does not avoid the Rule 37 sanction.  Even if received by Plaintiff at the very moment it was
24 mail-served, there was insufficient time for Plaintiff to notice a deposition of this witness.  When
25 signing a discovery response, counsel certify that they have conducted a reasonable inquiry to ensure
26 the response is accurate.  Fed. R. Civ. P. 26(g)(1).  Thus, in light of the December 30, 2013 disclosure
27 and the response to interrogatories made on that same date, the Court must accept that counsel *did*
28 *inquire* at that time and determined that Brad Hutton was not a decision maker despite that he and

another person, Patrick Voltz, were identified as having some involvement in Plaintiff's firing. Thus, the supplementation on February 26, 2014—especially in light of the fact that Defendants' has no recollection of how or when he learned that Hutton was, in fact, a decision maker—is troubling and perplexing.

In light of the discovery deadline which would pass a mere two days after Defendants provided their supplement responses to interrogatories—which did not allow Plaintiff time to notice the deposition of Hutton—and their failure to supplement their disclosures for five months after the discovery cut-off, the Court finds that Defendants failed to timely disclose this witness and that this was done without substantial justification and was not harmless.

To determine whether to preclude the introduction of evidence under Rule 37, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." San Francisco Baykeeper v. West Bay Sanitary Dist., 791 F.Supp.2d 719, 733 (N.D.Cal.2011) (quoting Dey. L.P. v. Ivax Pharms., Inc., 233 F.R.D. 567, 571 (C.D.Cal.2005)).

Here, the Court offered Plaintiff's counsel the ability to depose Hutton over the weekend during trial and counsel did so. Plaintiff's counsel argued that, though this alerted him as to what Hutton would say, there was no time to verify the accuracy of his account through other efforts such as obtaining phone records such to challenge Hutton's memory on the topic.

On the other hand, the Court has been provided no reason to believe that Hutton's testimony would be different from that of John Sommer. When asked, Defendants' counsel was unable to describe any substantive differences except that Hutton could verify the testimony of Murray that, indeed, Hutton told him to fire Plaintiff. While the Court appreciates the desire of Defendants to bolster their witnesses' account of the events, at best this evidence is cumulative.[2] Thus, the Court concludes that the testimony would not be important to the outcome of the trial. Finally, Defendants'

---

[2] Defendants' counsel argued also that he anticipated that statements of Sommer in his expected testimony would draw hearsay objections. However, that counsel cannot think of an alternative method of introducing this evidence is not sufficient grounds for the Court to find the evidence is not cumulative.

explanation that their state of knowledge of this case was "evolving," is insufficient to explain the failure to provide the discovery timely. Defendants were provided a significant amount of time to discover the case and the Court has been provided no satisfactory reason why this could not have occurred during the allowable discovery period.[3]

Therefore, after weighing the appropriate factors, the Court **ORDERS** that Brad Hutton will not be allowed to testify due to Defendants' failure to timely disclose him.

**C.    "Other acts" evidence related to Diane Clayton and Mark Erickson**

Previously, the Court determined that evidence related to Diane Clayton and Mark Erickson could be admitted. The Court had been informed that they had made complaints to John Sommer—a decision maker in Plaintiff's firing—and that they suffered adverse employment actions as a result. However, the Court has conducted an in camera review of the personnel files of both and has determined that the evidence related to these two former employees would not be probative as to Defendants' retaliatory motive.

Whether "other acts" evidence can be admitted at trial "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008). Generally, this evidence may be admitted to demonstrate motive. F. R. E. 404(b); Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1286 (11th Cir. 2008). This is permitted even where the circumstances differ and even where the decision maker is different. Griffin v. Finkbeiner, 689 F.3d 584, 598-99 (6th Cir. 2012).

Here, however, there is no evidence that Sommer—or anyone else identified as a decision maker in this case—played any role in the decision to terminate either of these employees. Likewise, Clayton and Erickson were employed in different locations and in different cities than Plaintiff and the employment actions as to each occurred after Plaintiff's firing. Griffin, 689 F.3d at 598-99; Ansell v. Green Acres Contracting Co., 347 F.3d 515, 524-25 (3d Cir. 2003). Most important, there is no

---

[3] Defendants continued to provide discovery documents through September 2014—just days before trial began without any substantive explanation for why these records could not have been provided during the discovery period. (Doc. 76 at 4; Doc. 79 at 7) There is no showing that these documents were not within Defendants' control during the entirety of this case and, it appears, the failure stems from a lack of diligence by Defendants in searching them out. This is unacceptable and the Court relies upon this course of conduct significantly in making its determination here.

evidence of retaliation related either to Clayton or Erickson.

First, Clayton's complaint of an unlawful employment action was made after she was fired—though on the same date.  Likewise, she had been disciplined for months leading up to her firing and had been given a "final warning" before she was fired.  In addition, the personnel documents demonstrate that John Sommer played no role in her firing and was not apprised of her employment situation until after the EEOC complaint was received.

Second, Mark Erickson had been disciplined many times before he filed his employment complaint related to failing to report to work, for having too many absences within a set period and for other reasons.  The discipline imposed after he made his employment complaint was for noting a different start time on his time card than was correct.  This was the second time he was disciplined for this same reason; the first occurred about a month before the employment complaint was made.  Moreover, there is no evidence that Sommer played any role in the discipline imposed and Erickson separated from Defendants' employ earlier this year only because he was offered a more-favorable job opportunity.

Thus, the Court concludes that neither complaint is probative of Defendants' retaliatory motive and, therefore, will not be admitted.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Brad Hutton will not be permitted to testify;

2. The "other acts" evidence related to Diane Clayton and Mark Erickson will not be admitted.

IT IS SO ORDERED.

Dated:   **September 29, 2014**           **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE