**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN GOOLD,<br><br>       Plaintiff,<br><br>     v.<br><br>HILTON WORLDWIDE, et al.,<br><br>       Defendants. | Case No.: 1:13-cv-00438 - JLT<br><br><u>AMENDED FURTHER PRETRIAL ORDER</u><br><br>Deadlines:<br>Motions in Limine Filing: 8/5/15<br>Oppositions to Motions in Limine: 8/26/15<br>Hearing on Motions in Limine: 9/9/15, 10:00 a.m.<br>Trial Submissions: 9/11/15<br><br>Jury trial: 9/23/2015<br><br>Settlement Conference: 8/5/15, 10:30 a.m. |

Plaintiff John Goold alleges Hilton Worldwide, Inc. and Doubletree DTW, LLC ("Defendants") fired him in retaliation for complaining about sexual harassment suffered by another employee and complaining that the other employee's firing was unlawful.  Upon consideration of the Joint Pre-Trial Conference Statement (Doc. 111), the parties' comments at hearing and the file in this case, the Court issues the following Pre-Trial Order.  The Court addresses here *only* the issues that have changed since the original pretrial order was issued.  (Doc. 49)

**A.    DISPUTED FACTS**

      **Plaintiff's Disputed Issues:**

      1.    Whether Plaintiff's protected conduct relating to Dora Medrano was a motivating factor in the decision to terminate Plaintiff's employment?

1

2.      Whether Plaintiff suffered damages as a result of any wrongful conduct of Defendants?

3.      What are the extent of Plaintiff's damages suffered as a result of any wrongful conduct of Defendants?

4.      Whether Plaintiff failed to mitigate his damages?

**Defendants' Disputed Issues:**

1.      Whether Plaintiff's complaint that Medrano's termination was in retaliation for her 2010 sexual harassment complaint was a motivating factor in the decision to terminate Plaintiff's employment?

2.      Whether Plaintiff's complaint that Medrano's termination was in retaliation for her 2010 sexual harassment complaint was a substantial motivating factor in the decision to terminate Plaintiff's employment?

3.      Whether Plaintiff was terminated for a legitimate business reason?

4.      Whether Plaintiff suffered damages as a result of any wrongful conduct of Defendants?

5.      What are the extent of Plaintiff's damages suffered as a result of any wrongful conduct of Defendants?

6.      Whether Plaintiff failed to mitigate his damages?

**B.    WITNESSES**

The witness lists remain the same except Defendant omits Melissa Stewart from its list.

**C.    EXHIBITS, SCHEDULES AND SUMMARIES**

The exhibit lists remain the same except that Defendant adds, "Plaintiff's pay records from Tejon Ranch for the period of August 2, 2014 to February 14, 2015 obtained via subpoena on February 24, 2015." This exhibit will be marked as Defendant's next in order.

Defendant indicates it intends to use "Trial Director" or other electronic software program to display evidence. Both sides are permitted to display evidence in this fashion.

Counsel will meet and confer to determine whether the exhibits admitted at the first trial may be admitted via stipulation.

1.      During their meet and confer, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one

listing Plaintiff's exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  Thus, any exhibit not previously provided in discovery SHALL be provided at least five court days in advance of the exhibit conference.

2.      Likewise, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits SHALL be marked as a joint exhibit and numbered as directed above.  Joint exhibits SHALL be admitted into evidence on the motion of any party, without further foundation.  <u>If counsel agree that exhibits admitted in the first trial may be admitted in the trial, these exhibits will be included in the Joint Exhibit Binder, described below.</u>

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3.      As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.      Each exhibit binder shall contain an index which is placed in the binder before the exhibits.  Each index shall consist of the exhibit number, the description of the exhibit and the three

columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|----------|-------------|----------------------|----------------------|-----------------|

5.      On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6.      On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, each counsel SHALL develop four complete, legible sets of exhibits.  Counsel SHALL deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to opposing counsel, no later than 4:00 p.m., on **September 18, 2015**.  Counsel SHALL determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7.      The Parties SHALL number each page of any exhibit exceeding one page in length.

**D.     DISCOVERY DOCUMENTS**

The witness lists remain the same.

If either party wishes to rely upon discovery documents or deposition transcripts at trial, they SHALL lodge the original discovery requests and responses and/or the original or certified copy of the pertinent transcripts, no later than **September 18, 2015.**  If the proffering party wishes the jury to view the discovery document, only the request and response at issue may be visible on the page(s) and all extraneous material must be redacted or the request and the response re-typed on a clean page.

**E.     FURTHER DISCOVERY OR MOTIONS**

Defendants seek "permission to subpoena Plaintiff's employment records from Tejon Ranch from February 1, 2015 to the first day of trial pursuant to Federal Rules of Civil Procedure Rule 45. Defendants seek to obtain Plaintiff's most current pay records for the purposes of calculating estimated damages."  (Doc. 111 at 20-21)  Because these records will bear on the damage amount that may be sought, the request to subpoena these records for production at trial is **GRANTED**.

**F.**      __Motions in Limine__

The evidentiary issues raised by the parties are the same as those raised in the original trial. At the hearing, counsel agreed that the Court would deem the motions in limine previously filed to be reasserted.  The Court indicated that the orders on the deemed reasserted motions remained the same.

Any additional motions in limine must be served on the other party, and filed with the Court, by **August 5, 2015.**  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **August 26, 2015**. The Court sets a hearing on the motions in limine on **September 9, 2015** at 10:00 a.m.  Appearances via Courtcall are authorized.

The parties are reminded they may still object to the introduction of evidence during trial.

**G.      SETTLEMENT NEGOTIATIONS**

The parties participated in a Settlement Conference before the last trial.  They are considering whether they will engage in further formal settlement efforts.

**H.      SEPARATE TRIAL OF ISSUES**

Once again, as requested by Defendants, the Court will bifurcate the issue of punitive damages. If the jury finds that the Defendants are liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**I.      ATTORNEYS' FEES**

The Court may award the prevailing party reasonable attorney's fees and costs pursuant to Cal. Gov't Code § 12965.  Both sides indicate they will seek an award of fees, as appropriate.

**J.      TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **September 23, 2015**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California.  Trial is expected to last 4-5 days.

**K.      TRIAL PREPARATION AND SUBMISSIONS**

   **1.      __Trial Briefs__**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before

September 11, 2015.

### 2.      Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **September 11, 2015.**

### 3.      Statement of the Case

The parties have filed a joint statement of the case in the joint pretrial statement.  The Court will give this statement though it will omit reading the abbreviations set forth in parentheses.

### 4.      Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **August 14, 2015**.  The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **August 28, 2015**.  At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **September 11, 2015**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **September 11, 2015,** and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.

1   Each instruction SHALL be numbered and SHALL contain citation to the supporting authority,

2   and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action,

3   with regard to each instruction.

4   **L.   TRIAL PROTECTIVE ORDER**

5   Defendants clarify they seek no additional protective order other than the one which remains in

6   force.  (Doc. 27)

7   **M.   SETTLEMENT CONFERENCE**

8   A Settlement Conference is scheduled for **August 5, 2015** at 10:30 a.m., Courtroom10 before

9   the Honorable Gary S. Austin, located at the Robert E. Coyle Federal Courthouse, at 2500 Tulare Street,

10  Fresno, California.

11  Unless otherwise permitted in advance by the Court, **the attorneys who will try the case shall**

12  **appear** at the Settlement Conference **with the parties** and the person or persons having **full authority**

13  to negotiate and settle the case **on any terms**[1] at the conference.  Consideration of settlement is a

14  serious matter that requires preparation prior to the settlement conference.  Set forth below are the

15  procedures the Court will employ, absent good cause, in conducting the conference.

16  **At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via

17  fax or e-mail, a written itemization of damages and a meaningful[2] settlement demand which includes a

18  brief explanation of why such a settlement is appropriate.  Thereafter, **no later than 14 days before** the

19  settlement conference, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or

20  with a meaningful counteroffer, which includes a brief explanation of why such a settlement is

21  appropriate.

22  If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their

23

24  [1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person

25  or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she

26  deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

27  [2] "Meaningful" means that the offer is reasonably calculated to settle the case on terms acceptable to the offering party.  "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.  If,

28  however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

Confidential Settlement Conference Statement, as described below.  Copies of these documents shall not be filed on the court docket.

### CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five court days prior to the Settlement Conference, the parties shall submit, directly to Judge Austin's chambers by e-mail to GSAOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A.      A brief statement of the facts of the case.

B.      A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C.      A summary of the proceedings to date.

D.      An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E.      The relief sought.

F.      The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**N.      OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

///

///

///

///

///

**O.      COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   __July 23, 2015__                              _____/s/ Jennifer L. Thurston_____
                                                                   UNITED STATES MAGISTRATE JUDGE